IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

T. R. O'CARROLL,                          )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )        Case No. CIV-10-232-D
                                          )
OKLAHOMA BOARD OF COUNTY                  )
COMMISSIONERS; *et al.*,                  )
                                          )
                    Defendants.           )

# **O R D E R**

Before the Court are two similar motions:  Motion to Dismiss Plaintiff's Official Capacity

Claims [Doc. No. 42], filed by Defendants William Citty, Patrick Byrne and Wesley Cadena in their

official capacities; and the Motion to Dismiss in Their Official Capacities  [Doc. No. 69], filed by

Defendants Vickie Stanford and Thomas Urioste in their official capacities.  Plaintiff has timely

opposed both Motions, which are fully briefed and at issue.

Plaintiff brings suit under 42 U.S.C. § 1983 to recover damages for alleged civil rights

violations that occurred in Oklahoma City, Oklahoma, on March 8, 2008.  Plaintiff was arrested by

police officers during a sporting event at the downtown arena, then known as the Ford Center, and

detained at the Oklahoma County Detention Center.  Plaintiff contends two Oklahoma City police

officers, Defendants Cadena and Byrne, wrongfully arrested him and used excessive force, that

Officer Cadena retaliated against him for exercising a First Amendment right, and that Officer Byrne

violated a due process right by willfully destroying exculpatory evidence.  Plaintiff alleges that the

police chief, William Citty, ratified the officers' actions and failed to adequately train them.

Plaintiff also contends two Oklahoma County jailers, Defendants Stanford and Urioste, subjected

him to an unconstitutional strip search and an excessive use of force.

By their respective motions, Defendants Cadena, Byrne, Citty, Stanford, and Urioste seek a dismissal under Fed. R. Civ. P. 12(b)(6) of Plaintiff's § 1983 claims against them in their official capacities. All defendants except Chief Citty contend they had no authority to establish municipal policy and that Plaintiff has not alleged a sufficient basis for suing them as municipal officials. Further, all movants contend that an official-capacity suit against them is duplicitous of the § 1983 claims asserted against their employers. They rely on case authorities holding that a § 1983 action against a government official for implementing an agency's unconstitutional policy is an action against the agency itself and only its liability is at issue. *See*, *e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (noting "[t]here is no longer a need to bring official-capacity actions against local government officials"); *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) ("a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents"). In response, Plaintiff contends he has sufficiently alleged official-capacity claims and, alternatively, he should be allowed to correct any deficiency by the amendment of his pleading after an opportunity for discovery.

The Supreme Court has clearly explained the role of official-capacity claims as follows:

> Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.

*Graham*, 473 U.S. at 165-66 (internal quotation and citations omitted); *accord Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 544 (1986). Accordingly, the court of appeals has concluded: "A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same. Therefore we will consider [a plaintiff's] claims against the City and the police officers acting in their official capacities as one claim." *Watson v. City of Kansas City*,

857 F.2d 690, 695 (10th Cir. 1988). Duplicate pleading is unnecessary: "Since a judgment against a public servant in his or her official capacity imposes liability on the entity he represents, an official capacity suit is simply another way of pleading an action against that entity." *Hinton v. City of Elwood*, 997 F.2d 774, 783 (10th Cir. 1993) (citations omitted).

In this case, Plaintiff brings both official-capacity claims against the movants and claims against their respective employers, the City of Oklahoma City and Oklahoma County. Both Oklahoma City and Oklahoma County have answered the First Amended Complaint; neither has sought dismissal of the action due to any pleading deficiency. Accordingly, for the reasons explained above, the Court finds Plaintiff's official-capacity claims against the movants are redundant. These claims simply duplicate Plaintiff's claims against the employing entities and are unnecessary. Therefore, the motions to dismiss will be granted. Because this dismissal is based on the legal sufficiency of Plaintiff's official-capacity claims, and not the sufficiency of his factual allegations, no opportunity for amendment is warranted. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

IT IS THEREFORE ORDERED that the motions filed by Defendants Citty, Byrne, Cadena, Stanford, and Urioste in their official capacities [Doc. Nos. 42 & 69] are GRANTED. All official-capacity claims asserted against municipal officers or employees are dismissed without prejudice to the pursuit of those claims directly against the City of Oklahoma City or Oklahoma County.

IT IS SO ORDERED on this 19th day of November, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE