IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| T. R. O'CARROLL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-232-D |
| | ) |
| OKLAHOMA BOARD OF COUNTY | ) |
| COMMISSIONERS; *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

On March 30, 2012, the Court ruled that genuine disputes of material facts preclude summary judgment on Plaintiff's claim against Defendant Thomas Urioste under 42 U.S.C. § 1983 that a "strip search" of Plaintiff while he was detained in the Oklahoma County Detention Center violated the Fourth Amendment. On April 2, 2012, the Supreme Court ruled that the Fourth Amendment does not prohibit visual strip searches of jail detainees, even ones arrested for minor offenses and for whom there is no basis to believe they possess a concealed weapon or contraband. *See Florence v. Board of Chosen Freeholders*, No 10-945, 2012 WL 1069092 (U.S., April 2, 2012).[1] The decision appears to be inconsistent with Tenth Circuit case law on which Plaintiff relied in opposing Defendants' motions for summary judgment. *See, e.g., Chapman v. Nichols*, 989 F.3d 393, 396 (10th Cir. 1993).

Accordingly, the Court directs the parties simultaneously to file supplemental briefs, not to exceed 5 pages in length, limited solely to addressing the effect of *Florence*, if any, on the Court's

---

[1] The Court expressly reserved the question of whether this type of search is constitutionally permissible under particular circumstances, such as where the detainee can be held in facilities removed from the general population. This circumstance also was not shown by the existing record in this case.

summary judgment ruling. In arguing the applicability of *Florence* to the facts of this case, the parties must rely solely on the existing case record. That is, the parties may not submit additional evidentiary materials, but must refer to exhibits previously submitted with their summary judgment briefs, unless otherwise ordered by the Court.[2]

IT IS THEREFORE ORDERED that the parties shall file supplemental briefs, as set forth herein, within 14 days of this Order.

IT IS SO ORDERED this 2nd day of April, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] If a party believes that the Supreme Court's opinion in *Florence* justifies the submission of additional materials, he must file a motion to supplement the record.