IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| T. R. O'CARROLL, | ) |
|       Plaintiff, | ) |
| v. | )    Case No. CIV-10-232-D |
| OKLAHOMA BOARD OF COUNTY COMMISSIONERS; *et al.*, | ) |
|       Defendants. | ) |

**O R D E R**

On March 30, 2012, the Court ruled that genuine disputes of material facts preclude summary judgment on Plaintiff's claim against Defendant Thomas Urioste under 42 U.S.C. § 1983 that a "strip search" of Plaintiff while he was detained in the Oklahoma County Detention Center violated the Fourth Amendment.[1] On April 2, 2012, the Supreme Court ruled that the Fourth Amendment does not prohibit strip searches of jail detainees, even ones arrested for minor offenses and for whom there is no basis to believe they possess a concealed weapon or contraband. *See Florence v. Board of Chosen Freeholders*, 132 S. Ct. 1510 (2012). Because the decision abrogated Tenth Circuit case law on this issue, the Court directed the parties to file supplemental briefs addressing the effect of *Florence*, if any, on the Court's summary judgment ruling. Having considered the briefs and the existing case record, the Court finds insufficient reason to disturb the March 30 Order.

In *Florence*, the Supreme Court considered the question of whether jail officials may constitutionally require all detainees who are admitted to the general population of a detention facility to undergo a procedure generally known as a "strip search," that is, a close visual inspection

---

[1] The Court also denied summary judgment to Defendant Urioste on an excessive force claim.

of an individual's body while undressed. The Court held that the Fourth Amendment does not require jail officials to exempt some detainees, such as persons arrested for minor offenses, from such procedures. In this case, Plaintiff complains of a "strip search" of a different sort; he was subjected to a procedure described as a forced "dress out" in which Defendant Urioste physically removed Plaintiff's clothes to exchange them for jail garb. Plaintiff's body was not visually inspected; he was simply disrobed and incidentally observed in an unclothed state.

In supplemental briefing, Defendant argues that, if an arguably more intrusive search of the type described in *Florence* is constitutionally permissible, then Plaintiff's claim necessarily fails because no constitutional violation occurred. Plaintiff disagrees and argues that *Florence* is factually distinguishable and did not involve a claim like the one asserted here, involving allegations that Defendant Urioste selected Plaintiff for humiliating treatment. The Court reluctantly finds that the existing record does not permit a resolution of Plaintiff's Fourth Amendment claim as a matter of law. Specifically, the parties do not identify or describe the jail policy requiring an exchange of clothing by detainees, and the facts presented do not establish whether Plaintiff was forced to "dress out" because he was being admitted to the jail population or, as Plaintiff alleges, because he was targeted by Defendant Urioste for humiliation.[2] In short, while *Florence* makes clear that jail officials may adopt reasonable policies that subject detainees to intrusive practices as part of the intake process, the parties do not identify in the existing case record any basis for the Court to

---

[2] In reciting Plaintiff's allegation that Defendant Urioste's actions were motivated by personal bias, the Court does not mean to suggest that a jailer's subjective intent matters for Fourth Amendment purposes. The Court recognizes that the constitutional question under *Florence* is whether the intrusion into Plaintiff's privacy was incident to a jail policy that "is reasonably related to legitimate security interests," giving due deference to the expertise of jail officials in such matters. *See Florence*, 132 U.S. at 1517.

conclude that the circumstances of this case involved a routine procedure mandated or permitted by such a policy.[3]

Further, because the Court is unable to determine that Defendant Urioste's restraint and use of force against Plaintiff was reasonably justified as part of a good-faith effort to enforce a jail policy, the Court cannot conclude, as urged by Defendant, that no excessive use of force occurred. Accordingly, the Court finds no basis to revisit its summary judgment ruling regarding Plaintiff's excessive force claim.

For these reasons, the Court finds that the case should proceed to trial on Plaintiff's remaining claims against Defendant Urioste, as set forth in the Order of March 30, 2012 [Doc. No. 166].

IT IS THEREFORE ORDERED that the parties shall file trial submissions (designations of deposition testimony, motions in limine, requested voir dire, optional trial briefs, requested jury instructions, and Final Pretrial Report) within 21 days of this Order.[4]

IT IS SO ORDERED this 10th day of July, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] Notably, Defendant Urioste does not assert that *Florence* changes the analysis of his qualified immunity defense. Because the parties do not address any impact of *Florence* on qualified immunity issues, however, the Court declines to address them.

[4] The provisions of the original Scheduling Order entered November 3, 2010, regarding the timing of objections and responses, as well as all other provisions regarding trial submissions, remain in effect.