IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| T. R. O'CARROLL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-10-232-D ) |
| OKLAHOMA BOARD OF COUNTY COMMISSIONERS; *et al.*, | ) ) ) |
| Defendants. | ) ) |

**O R D E R**

Before the Court are the parties' respective motions in limine [Doc. Nos. 172 and 177], which are at issue.

This civil rights case under 42 U.S.C. § 1983 concerns an alleged strip search of Plaintiff and an alleged use of excessive force by Defendant Thomas Urioste on March 8, 2008, while Plaintiff was detained in the Oklahoma County Detention Center or jail. Each party seeks to prohibit the other from introducing evidence and argument regarding certain matters during the jury trial of Plaintiff's claims, primarily on grounds that the matters are irrelevant under Rule 401, Fed. R. Evid., or unduly prejudicial under Rule 403.

**A.     Plaintiff's Motion**

Plaintiff seeks to exclude information regarding the following matters: 1) his arrest and encounter with Oklahoma City police officers on March 8, 2008, before he arrived at the jail; and 2) his previous "incarcerations" in jail on other occasions. Defendant partially objects to Plaintiff's Motion. Defendant argues that evidence regarding the circumstances under which Plaintiff was arrested and detained by police officers is extremely relevant and should not be excluded. As to the second topic, Defendant concedes that evidence of Plaintiff's prior incarcerations is generally

irrelevant, but he argues that their relevance may depend on the trial evidence, particularly Plaintiff's testimony.

Upon consideration of the parties' arguments, the Court agrees with Defendant that evidence regarding Plaintiff's arrest on March 8, 2008 – and particularly his alleged mistreatment by police officers – is highly relevant to the issues in this case and should not be excluded. According to Defendant, Plaintiff arrived at the jail exhibiting an uncooperative attitude and resistant behavior after he was arrested on charges of public intoxication and resisting arrest. Plaintiff originally claimed in this case, and allegedly testified during his deposition, that police officers physically injured him before he was delivered to the jail. Under these circumstances, the Court finds that evidence regarding Plaintiff's arrest and detention by police officers on March 8, 2008, is necessary to a full understanding of the context of alleged events, and if a constitutional violation is found, the evidence would be critical for the jury to decide issues of causation and damages. Therefore, Plaintiff's Motion will be denied with regard to the first topic.

Regarding Plaintiff's previous "incarcerations," the Court has insufficient information to determine the admissibility of such evidence. To the extent these incarcerations reflect prior criminal convictions, evidence of Plaintiff's convictions, if any, might bear on his credibility as a witness, and be admissible pursuant to Rule 609, subject to its requirements. Further, depending on the substance of Plaintiff's trial testimony or evidentiary presentation, evidence of his prior jail experiences might arguably be relevant and not unduly prejudicial. Accordingly, the Court cannot presently rule on the admissibility of evidence of Plaintiff's prior jail incarcerations. However, before mentioning or offering such evidence at trial, defense counsel is instructed to give advance notice outside the presence of the jury to the Court and opposing counsel.

**B.     Defendant's Motion**

Defendant seeks to exclude evidence and argument regarding two matters: 1) a letter issued by the United States Department of Justice in June, 2008, regarding jail conditions; and 2) certain information contained in his personnel file regarding domestic issues. Plaintiff has made no timely response or objection to Defendant's Motion. Further, the Court notes that neither the letter nor the personnel file is listed as an exhibit in the Revised Final Pretrial Report, which has been approved by the Court to govern the trial. Accordingly, the Court finds Defendant's Motion is moot, and should be denied on this basis.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine [Doc. No. 177] and Defendant's Motion in Limine [Doc. No. 172] are DENIED, as set forth herein.

IT IS SO ORDERED this 5th day of October, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE